Filed 2/21/14  P. v. Singleton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058947 |
| v. | (Super.Ct.No. FVI08419) |
| MICHAEL SINGLETON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Michael Singleton appeals from an order denying his petition for recall of his indeterminate life term, under Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

BACKGROUND[2]

Defendant was convicted in 2001 of one count of attempted second degree robbery and two counts of second degree robbery. (§§ 211, 664.) The information alleged four prior serious or violent felony convictions, within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), and within the meaning of section 667, subdivision (a)(1). The information also alleged two prior prison terms, within the meaning of section 667.5, subdivisions (a) and (b). The trial court found all prior conviction allegations true, but struck all but two of them. The court sentenced defendant to three consecutive terms of 25 years to life, plus 10 years for two prior serious felony convictions pursuant to section 667, subdivision (a)(1). On June 19, 2012, defendant filed a petition for writ of *coram nobis*, which was denied on July 5, 2012.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a

---

[1] All further statutory citations refer to the Penal Code.

[2] The underlying facts are not material to the issue we consider in this appeal.

determinate term as a second-striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).) Section 1170.126, subdivision (e), provides, as pertinent here, that an inmate is eligible for resentencing if he or she "has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)[3]

On May 9, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. On May 23, 2013, the trial court denied the motion, stating that defendant was disqualified by virtue of his prior convictions for violating sections 288a and 286, subdivision (c).

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We have independently examined the record and have found no arguable issues. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable

---

[3] Defendant has a prior conviction for violation of section 288a and a prior conviction for violation of section 286, both of which are offenses listed in section 667, subdivision (e)(2)(C)(iv)(II).

3

issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, at p. 441.)  In reaching this conclusion, we considered the following potential issues, mentioned by counsel but not argued:

1.  Whether denial of a petition pursuant to section 1170.126 is an appealable order.  (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.)

The California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order.  (See, e.g., *Teal v. Superior Court*, *supra*, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.)  Even if we were to conclude that the order is not appealable, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)  Because defendant has not asserted in this appeal that the trial court erred in denying his petition and because it is clear that defendant's prior convictions render him ineligible for relief in any event, we need not reach that issue.

2.  Whether any appeal or writ proceeding attacking the judgment in the underlying prosecution modified the judgment in any manner affecting defendant's

eligibility for relief pursuant to section 1170.126.  The record does not disclose any such modification.

3.  Whether the fact that second degree robbery was not a violent offense within the meaning of section 667.5, subdivision (c), in 1996, when defendant committed the underlying offenses, affects defendant's eligibility for relief under section 1170.126. Defendant is ineligible because of his prior convictions for violation of section 288a and section 286, subdivision (c).  (See fn. 3 and accompanying text, *ante*.)  Accordingly, it is immaterial that his current offenses were not violent offenses in 1996.

We have also reviewed defendant's supplemental brief.  In his brief, defendant raises only issues which are not germane to the denial of his petition for resentencing. Because the appeal was taken solely from the order denying his petition, the issues he seeks to raise are not cognizable in this appeal.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER_____
                                                          Acting P. J.

We concur:


RICHLI_____
                              J.


MILLER_____
                              J.

5